UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Barbara Nichols,

        Case No. 10-11429

       Plaintiff,

v.                       Honorable Sean F. Cox

Commissioner of Social
Security,

       Defendant.

_____/

<u>OPINION & ORDER ADOPTING THE REPORT & RECOMMENDATION
OF THE MAGISTRATE JUDGE</u>

      Barbara Nicholas ("Plaintiff") filed this action pursuant to 42 U.S.C. § 405(g).  She is

challenging the decision of the Social Security Commissioner ("Defendant") to deny her

application for Disability Insurance Benefits ("DIB") under the Social Security Act.  The matter

is currently before the Court on cross-motions for summary judgment.  On May 10, 2011,

Magistrate Judge Michelson issued a Report & Recommendation (R&R) in which she

recommended the Court grant in part Plaintiff's Motion for Summary Judgment, and deny

Defendant's Motion for Summary Judgment.  Magistrate Judge Michelson also recommended

that, pursuant to 42 U.S.C. § 405(g), the decision of the Commissioner be remanded.  On May

24, 2011, Defendant filed objections to the R&R.  For the reasons stated below, the Court

**OVERRULES** Defendant's objections and **ADOPTS** the R&R in its entirety.

BACKGROUND

A.    <u>Factual Background:</u>

Plaintiff last worked in October 2002 due to the effects of a seizure and a hysterectomy. (Tr. at 43). In 2002, Plaintiff had a grand mal seizure.[1] (Tr. at 41-42). The cause of that seizure, however, is unknown. (Tr. at 41). Plaintiff testified as to whether she had petit mal seizures and she stated that her "legs would collapse" and she would "hit the floor," but she was aware and awake.[2] (Tr. at 42-43).

Plaintiff also complained of numbness, tingling, and pain on her scalp and in her head. (Tr. at 129). In 2005, Plaintiff was diagnosed with carotid artery disease.[3] (Tr. at 119). An MRA[4] revealed an underdevelopment of Plaintiff's right vascular system. *Id.* In March 2006, Plaintiff underwent a "cerebral angiophraphy" at the recommendation of her physician. (Tr. at 133-34). After undergoing this test, Dr. Oppat, Plaintiff's vascular surgeon, found that "the right internal carotid artery is fully thrombosed [clotted]. Perfusion of the right hemisphere of the brain occurs through a moderately stenosed left internal carotid artery." (Tr. at 131). Dr. Oppat added:

> Nicholas' near-syncopal [loss of consciousness] spells seem to be positional and suggest poor collateralization of blood flow within the cerebral hemispheres. . . . If we could demonstrate that there is an area of the brain that is poorly perfused and correlates with her symptoms it would help us understand what options are available to improve the cerebral circulation.

(Tr. 131-32).

In June 2006, Dr. William Joh, on behalf of Disability Determination Services, conducted a Residual Functional Capacity ("RFC") assessment regarding the Plaintiff. Dr. Joh's

---

[1] A grand mal seizure is a seizure involving a loss of consciousness and muscle contractions.
[2] A petit mal seizure is a mild seizure involving a brief sudden lapse in consciousness.
[3] A narrowing of the arteries that supply oxygenated blood to the frontal region of the brain.
[4] An MRA is a magnetic resonance angiogram.

assessment found "cerebral vascular insufficiency." (Tr. at 173). Dr. Joh added that Plaintiff's seizures, her near syncope, and her weakness of lower extremities were not recurrent. (Tr. at 174). Dr. Joh determined that Plaintiff could occasionally lift 20 pounds and frequently lift 10 pounds, and that Plaintiff could stand, walk, or sit for periods of up to six hours in an eight-hour day.

Plaintiff also testified that she had back pain that was the result of two surgeries to repair a vaginal fistula from her hysterectomy. (Tr.. 35-38). Additionally, Plaintiff reported mental difficulties, stating she had difficulty concentrating and remembering. (Tr. 39-40). As a result, her primary care physician prescribed her an anxiety medication. *Id.*

In July 2006, Dr. Zahra Khademian diagnosed Plaintiff with bipolar mood disorder and depression, but found that she did not suffer from episodes of decompensation (Tr. at 200). Dr. Khademian also found that Plaintiff suffered from some decreased memory, but Plaintiff had very good concentration. *Id.*

B.    Procedural Background:

Plaintiff applied for disability benefits on April 6, 2006, and her disability claim was denied on July 28, 2006. (Tr. 50-54). After her claim for DIB was denied, Plaintiff appeared before Administrative Law Judge ("ALJ") Jerome Blum on June 2, 2008. (Tr. 43). In a decision issued on October 1, 2008, the ALJ denied Plaintiff's claim based on the testimony of a medical and vocational expert ("VE"). The ALJ also considered Plaintiff's RFC. (Tr. at 16-19).

After the Appeals Council denied Plaintiff's request for review (Tr. at 1,5), Plaintiff filed a complaint in this Court on April 9, 2010. On October 10, 2010, Plaintiff filed a Motion for Summary Judgment, arguing that the Defendant erred as a matter of law in failing to properly

evaluate medical records to form an accurate hypothetical and failing to evaluate "severe" depression. On November 10, 2010, Defendant also filed a Motion for Summary Judgment, arguing that these failures are excusable as harmless error.

C.     The Magistrate Judge's Report & Recommendation:

Plaintiff makes two claims in her Motion for Summary Judgement: (1) the ALJ erred by failing to evaluate the medical records of evidence and forming an inaccurate hypthetical that dd not accurately portray Plaintiff's impairments; and (2) the ALJ erred by failing to evaluate the "severe" impairment of depression in accordance with 20 C.F.R. § 404.1520A and § 416.950A. Specifically, Plaintiff asserts that the ALJ failed to consider any evidence of Plaintiff's arteriosclerosis.

In his Motion for Summary Judgment, Defendant asserts that the ALJ's findings were supported by substantial evidence and were within the ALJ's "zone of choice." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Defendant also contends that the ALJ's omission of any discussion relating to Plaintiff's carotoid artery condition is harmless because it did not affect her for a consecutive 12-month period, as required by 20 C.F.R. § 404.1509. Defendant also contends that the ALJ reasonably evaluated any evidence of depression and, although the ALJ did not rate Plaintiff's mental limitations in the four broad areas required under 20 C.F.R. § 404.1520a(c)(3)[5], any error is harmless because the evidence supports the ALJ's determination that Plaintiff did not suffer from significant mental limitations.

_____

[5]Under 20 C.F.R. § 404.1520a(c)(3), an ALJ must assess the level of severity of a claimant's mental illness by rating the claimant's mental limitations in: (1) activities of daily living; (2) social functioning; (3) concentration; and (4) episodes of decompensation.

First, Magistrate Judge Michelson found that the ALJ did not provide the VE with an accurate hypothetical. *Id*. at 12. Pursuant to 20 C.F.R. § 404.1520, Step Two of the five-step analysis for determining disability requires an inquiry as to whether a claimant has severe or a combination of impairments that "significantly limits. . . physical or mental ability to do basic work activities." At this step in the analysis, the ALJ determined that, despite Plaintiff's back pain, depression, and urinary urgency, Plaintiff had the RFC to perform "light work," which involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects up to 10 pounds. (Tr. at 19). The ALJ's opinion, however, never discussed Plaintiff's arteriosclerosis.

After reviewing the transcript, Judge Michelson agreed with the Plaintiff that by failing to provide the VE with an accurate hypothetical, the ALJ did not comply with the Social Security Ruling ("SSR") 96-8P. (Pl.'s Mtn. at 8). Judge Michelson states that the ALJ "failed to discuss an entire line of medical evidence." *Id*. at 16. The ALJ did not address any of the medical evidence related to medical investigations of the Plaintiff's light headedness and weakness of the lower-extremities. *Id*. at 15. Judge Michelson concluded this was an error because the ALJ only made a mention of arteriosclerosis[1] in the hypothetical. (R&R at 14).

Next, Magistrate Judge Michelson determined that the ALJ's error regarding Plaintiff's depression was indeed harmless. Plaintiff argues that ALJ's error regarding Plaintiff's depression should not be treated as a harmless because the ALJ failed to discuss her depression in the four broad area categories listed in § 404.1520a(c)(3). Judge Michelson evaluated this argument by addressing whether "plaintiff was prejudiced on the merits by the ALJ's failure to

---

[1] Arteriosclerosis is a thickening of the walls of the arteries decreasing the flow of oxygenated blood to tissue.

comply with 20 C.F.R. § 404.1520a." *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 655.

Judge Michelson determined that Plaintiff was not prejudiced by the ALJ's error regarding

Plaintiff's depression.  Neither Plaintiff, nor Defendant, has objected to this particular finding.

## STANDARD OF REVIEW

Pursuant to FED. R. CIV. P. 72(b), a party who objects to a recommendation by a

Magistrate Judge must file an objection to the R&R within fourteen (14) days after being served

with a copy of the R&R.  "The district judge must determine *de novo* any part of the magistrate

judge's disposition that has been properly objected to.  The district court may accept, reject, or

modify the recommended disposition; receive further evidence; or return the matter to the

magistrate with instructions."  *Id.*  An ALJ's decision "cannot be overturned if substantial

evidence, or even a preponderance of the evidence supports the claimants position, so long as

substantial evidence also supports the conclusion reached by the ALJ."  *Jones v. Comm'r of Soc.*

*Sec.*, 336 F.3d 469, 477 (6ᵗʰ Cir. 2003).

## ANALYSIS

This case presents the Court with the issue of whether the ALJ accurately captured

Plaintiff's limitations in the hypothetical he proffered to the VE even though he did not mention

the Plaintiff's carotid artery disease.  Defendant contends that the ALJ's findings were supported

by substantial evidence and were within the ALJ's "zone of choice."  *Buxton v. Halter*, 246 F.3d

762, 772 (6th Cir. 2001).  Additionally, in his objection to the R&R, Defendant argues the error

is harmless because Plaintiff's dizziness did not last for a consecutive 12-month period.  (Def.

Obj. at 3; see 42 U.S.C. § 404(d)(1)(A); 20 C.F.R. § 404.1509.

6

There is no requirement that the hypothetical question to the VE must list all of Plaintiff's medical conditions. *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2002). The RFC and hypothetical, however, should accurately capture the plaintiff's ability, in spite of his or her limitations. *Id*; *see also* SSR 96-8p. For a VE's response to constitute substantial evidence, "each element of the hypothetical must accurately describe the plaintiff." *Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994); *see also Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010) (stating that the hypothetical posed to the VE must accurately describe claimant's mental and physical impairment for it to be considered substantial evidence)).

The Court agrees with the Magistrate Judge's finding that the ALJ's failure to discuss evidence pertaining to Plaintiff's carotid artery disease is not excusable as a harmless error. Plaintiff's vascular surgeon, Dr. Oppat, remarked that near-syncopal spells appeared to be positional and "suggested poor blood flow within the cerebral hemispheres."[1] (Tr. at 131-132). Plaintiff underwent a brain scan that did not reveal poor blood flow to the brain. *Id*. Dr. Oppat, however, did not rule out that the dizziness was the result of the arterial blockage and subsequently referred Plaintiff to a neurosurgeon, Dr. Diaz. (Tr. at 166). The results of Dr. Diaz's assessment are not a part of the medical record. *Id*. After seeing many physicians, none of the physicians who investigated Plaintiff's symptoms definitively ruled out that the near-syncopal symptoms are partially attributable to her condition.

By not mentioning the carotid artery disease in his questioning, the ALJ failed to provide the VE with an accurate hypothetical. This was also a failure to follow procedural requirements because the omission was not in compliance with SSR 96-8p. SS-R 96-8p states the RFC "must

---

[1] Syncope is the medical term for fainting. Plaintiff has spells of dizziness, but she did not say she fainted.

be based on *all* relevant evidence in the case record" such as "medical history," "medical source statements," and effects of symptoms that are *reasonably* attributed to a medically determinable impairment."  SSR 96-8p, 1996 WL 374184 at *5 (1996) (emphasis added).  As stated in the R&R, the ALJ made a single mention of "arteriosclerosis," but did not mention medical evidence from the investigations into Plaintiff's dizziness and lower-extremity weakness.  (R&R at 14).  Under these facts, the Magistrate Judge could not determine with confidence that the ALJ made the all required factual findings.  (R&R at 16).  The evidence supports the finding that, although Plaintiff's symptoms may not have been "severe," she suffered from dizziness, light-headedness, and lower-extremity weakness, which may have been caused by Plaintiff's arteriosclerosis.  The Court agrees that the ALJs failure to include these symptoms was not a harmless error because the inaccurate hypothetical may have lead to an inaccurate RFC.  Under SSR 96-8p, the VE should have been provided with these facts to ensure an accurate RFC determination.

Defendant objects to the Magistrate Judge's finding that the ALJ erred by failing to address Plaintiff's arteriosclerosis.  Defendant contends that the ALJ's oversight is harmless error because Plaintiff's carotid disease did not affect her for a consecutive twelve-month period after the alleged onset date, and therefore her impairment does not meet the duration requirement of Step-Three of the five-step disability analysis.

Defendant's objections are not convincing.  It is clear from the ALJ's opinion that the ALJ evaluated Plaintiff's impairments beyond Step-Two and Step-Three of the five-step analysis.  (Tr. at 19).  Additionally, Plaintiff stated at the June 2, 2008 hearing, almost 2 years after her onset date, that she continued to have incidents where her legs would "get hot" and collapse – symptoms similar to those she described to Dr. Oppat in May of 2006.  While these

8

symptoms are statements that are subjective in nature, they are still considered evidence to be weighed by the ALJ in assessing the Plaintiff's RFC. *See* 20 C.F.R. § 404.1512(b) (evidence includes, "Statements you or others make about your impairment(s), your restrictions, your daily activities, your efforts to work, or any other relevant statements you make to medical sources during the course of examination or treatment, or to us during interviews, on applications, in letters, and in testimony in our administrative proceedings."). While this evidence is far from conclusive on the determination of disability, the objective medical evidence regarding Plaintiff's carotid disease that the ALJ failed to discusses, in addition to Plaintiff's self-reported symptoms, should have been contemplated in forming an accurate hypothetical for the VE. While the Court is not certain whether the inclusion of this information will affect the ALJ's and VE's determinations, the Court is not willing to find such errors harmless.

CONCLUSION

For the reasons above, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation in its entirety. Its is **HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment is **GRANTED IN PART**, and **DENIED IN PART**.

Plaintiff's motion is **GRANTED** to the extent that the Court finds that the ALJ erred in failing to properly evaluate the medical records evidence and formed an inaccurate hypothetical that did not accurately portray Plaintiff's impairments.

Plaintiff's motion is **DENIED** to the extent that the ALJ's failure to evaluate Plaintiff's depression is harmless error.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment is **DENIED**.

9

Accordingly, Court **REMANDS** this case for further proceedings consistent with this Opinion & Order.

**IT IS SO ORDERED**.

S/Sean F. Cox
Sean F. Cox
United States District Court

Dated:  September 30, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 30, 2011, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager